## CIRCUIT COURT OF FAIRFAX COUNTY

Sally Markham Smith et al.

v.

Audrey S. Markham

November 25, 1996

Case No. (Chancery) 145584

By Judge Gerald Bruce Lee

This matter is before the Court on Audrey S. Markham's Motion for Summary Judgment against Sally Markham Smith, Frank Markham, and Charlotte Markham Hoxter's ("Plaintiffs") Bill of Complaint for injunction. The issue is whether adult children may seek to enjoin their father's spouse from restricting or preventing them from having consensual contact with their elderly and ill father as a matter of law. This complaint for injunction was brought by the adult children of Mr. Donald Markham. Plaintiffs seek to enjoin Mrs. Audrey S. Markham from restricting or prohibiting contact between them and Mr. Donald Markham, their elderly and ill father. At the hearing on this matter, the parties stipulated that Mr. Donald Markham, age 86, has reported to the guardian ad litem that he wants to see his children.

Defendant contends that she is entitled to summary judgment on Plaintiffs' Bill of Complaint because an adult child does not have a legally cognizable right to have visitation with a parent. In response, Plaintiffs contend that summary judgment is inappropriate in this action because genuine issues of material fact exist. Plaintiffs contend that the following issues of fact exist: the nature of the relationship between Plaintiffs and their adult father and their father's desire to visit his children. Having considered the authorities and arguments of counsel, the Court denies the Defendant's Motion for Summary Judgment.

*Facts*[1]

The Plaintiffs, Sally Markham Smith, Frank Markham, and Charlotte Markham Hoxter, are the adult children of Donald Markham. The Defendant, Audrey S. Markham, is the wife of Donald Markham. She is not the mother of Mr. Markham's adult children. Donald and Audrey S. Markham have been married for over twenty-one years. Donald Markham is an elderly man who suffers from dementia and swallowing impulse breakdown. He has not been adjudicated incompetent or incapable of managing his affairs. Mr. Markham's condition places him at risk for suffering pneumonia, other complications, and death. In June, 1996, Mr. Markham was diagnosed as having double pneumonia and hospitalized. Both Mrs. Audrey Markham and Mr. Markham's adult children visited the hospital. On July 2, 1996, Mrs. Markham was out of town visiting her daughter from a previous marriage in Maine. During Mrs. Markham's absence, Plaintiffs gave permission for medical care for their father and authorized Mr. Markham's treating physicians to perform an aspirator test on Mr. Markham on July 8, 1996. Mrs. Markham returned to the area over the weekend, prior to July 8, 1996, and cancelled the aspirator test.

Plaintiffs' involvement with Mr. Markham's treatment during his hospitalization has been a source of tension between Plaintiffs and Defendant. As a result, Defendant has denied Plaintiffs access to their father since July 10, 1996. The Court appointed a guardian ad litem to represent the interests of Mr. Markham prior to this hearing. The guardian ad litem met with Mr. Markham. Mr. Markham said he wants to see his children but cannot because Mrs. Markham controls their household. Mr. Markham appeared at the hearing and confirmed his interest in the proceeding. On August 16, 1996, the parties executed an agreed *pendente lite* order which sets forth a consensual visitation schedule. The parties have been unable to conduct visitation pursuant to the order for various reasons. Defendant has continued to deny and/or restrict the Plaintiffs' access to their father.

## I. *Summary Judgment*

Defendant argues that she is entitled to Summary Judgment against Plaintiff's Bill of Complaint for several reasons. First, Defendant contends that

---

[1] Mrs. Markham has stipulated to the facts for purposes of the Court's determination of the Motion for Summary Judgment. The parties agree that the issue is whether adult children may assert a cause of action to enjoin a spouse from restricting or preventing consensual contact with their ill father as a matter of law.

an adult child does not have a legally cognizable right to have access to a parent. Defendant contends that once a child attains the age of emancipation, the family relationship is deemed to be completely severed in the eyes of the law. *Brumfeld, an infant v. Brumfeld*, 194 Va. 577, 581 (1953). Defendant asserts that assuming arguendo that a parent is incompetent, access is purely a matter of the spouse's discretion. Second, Defendant maintains that Plaintiff's Bill of Complaint fails to make any allegation that she is inadequately caring for Donald Markham. Defendant asserts that Mr. Markham is receiving the appropriate care.

In response, Plaintiffs argue that injunctive relief is appropriate in this matter. Plaintiffs further contend that in light of Mr. Markham's express desire to see them, they do have a right to visit their father. *Leith v. Horgan*, 100 A.2d 175 (Sp. Ct. N.J. 1953); *Granger v. Johnson*, 367 A.2d 1062 (Sp. Ct. R.I. 1977); *Schmidt v. Schmidt*, 459 A.2d 421 (Pa. Super. 1983).

## II. *Injunctive Relief: Visitation Dispute Between Adult Children and Spouse*

The issue presented is whether adult children may assert a cause of action to enjoin a spouse from prohibiting or restricting access to their elderly adult father, where he has expressed a desire to visit his children.

An injunction is an extraordinary remedy available only in equity. *Wright v. Castles*, 232 Va. 218 (1986). In order to obtain an injunction, a litigant must prove that he would suffer irreparable harm if the injunction were not granted and that he does not have an adequate remedy at law. *Id.*

The Court must consider whether Virginia recognizes a right for an adult child to maintain a relationship with his or her parent. This issue is one of first impression in Virginia but has been considered by other jurisdictions. The Supreme Court of Rhode Island considered the issue in *Granger v. Johnson*, 367 A.2d 1062 (1977). In *Granger*, the plaintiff sought to enjoin his mother's present husband from preventing the mother from visiting with the son and his family at their home. The *Granger* court opined that the issue is not whether the Grangers are entitled to visitation rights but whether an injunction is a proper remedy to enable the mother, over her husband's objections, to see her adult son and his family as she desires. The court held that the defendant husband may not use physical control over his invalid wife to frustrate her desire to visit her son and his family. The court considered the reasoning of *Leith v. Horgan*, 100 A.2d 175 (1953), in arriving at its conclusion.

The Supreme Court of New Jersey in *Leith v. Horgan* also considered the issue of whether parents could invoke the jurisdiction of chancery for the

enforcement of the right to visit their adult invalid daughter. The court dismissed the parents' action based upon evidence that the adult daughter did not wish to see her parents at that time. The court opined that "the welfare of the stricken wife is the determining consideration" and that the parents should be permitted to visit their daughter if she desired to see them and if the visit could be accomplished without harm to her health. *Leith*, 100 A.2d at 180. Additionally, the Supreme Court of New Jersey considered the relationship between parents and their adult married children:

> Parents and their married daughter living with her spouse are not without the mutual right of intercourse, save in circumstances where converse and association would jeopardize the marital relation. It is a natural right grounded in the strongest ties of blood. A wife's obligation is to her husband first; but communion with her parents not exceeding the bounds of reason cannot reasonably be deemed a deviation from marital duty.

*Leith* at 178.

The Court holds that an adult child has a right to visit with his or her parent by mutual consent if the visitation can be accomplished without interference. *Leith v. Horgan.* In considering the parameters of visitation, the Court must consider: (1) the health and welfare of the parent; (2) the relationship between the child and parent; (3) whether the parent and child have expressed a desire to visit each other; and (4) the impact that such visitation would have on the relationship between the non-consenting spouse and the parent or child.

### III. *No Adequate Remedy at Law and Irreparable Harm*

In this intra-family dispute, there is no monetary measure for the value to an ailing parent or a child of consensual contact, comforting words, companionship, aid, and comfort. A child's opportunity to have access to an ailing parent in the twilight of life and to offer companionship and comfort is priceless.

The fact that this is an intra-family dispute does not mean that the law does not afford a remedy. Where there is no statutory or common law legal remedy available in disputes of this nature, the parties are left to self help. Self help in volatile, family disputes can result in unreasonable risks to parents and children of tortious and criminal conduct. Hospital and deathbed family disputes should not be brought lightly to the court in equity. Every effort should be made by family members to calmly discuss and to find mutually

agreeable ends to this type of dispute within the family. However, when the parties cannot resolve the dispute, the Court must afford a neutral forum to adjudicate the dispute.

This is a pure question of law, and there are no material facts in dispute for purposes of determining Defendant's Motion for Summary Judgment. Rule 3:18 of the Rules of the Virginia Supreme Court provides that summary judgment shall not be entered if any material fact is in dispute. Defendant has stipulated to the fact that she has denied Plaintiffs' access to their father and that Mr. Markham has expressed a desire to visit his children.

The Court holds that Defendant's Motion for Summary Judgment is denied. The Plaintiffs may pursue this action for injunction. Plaintiffs have properly invoked equity jurisdiction in that they allege there is no adequate remedy at law and irreparable harm. Whether an injunction ought to issue in this case is a matter of proof and sound judgment based upon traditional equity principles.